**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND and JOHN FULTZ, as fiduciary of the BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND,<br><br>        Plaintiffs,<br><br>v.<br><br>EYE WORKS, INC. and CHERYL GIBSON,<br><br>        Defendants. | Case No. 19-2572<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs the Boilermakers National Health and Welfare Fund ("Health Fund") and John Fultz as fiduciary of the Boilermakers National Health and Welfare Fund allege as follows:

### Introduction

1.      Plaintiffs hold, in trust, funds to be used to provide medical care for qualifying participants.  Like all health plans, it has limits on what it will cover.

2.      Between 2017 and 2018, Defendants Eye Works, Inc. and Cheryl Gibson submitted through the mail over 300 forms, seeking reimbursement for supplies and procedures covered by the Plaintiffs.  But Defendants had falsely completed forms.  In reality, they provided either no services or supplies for the participants listed on the forms or provided services and supplies that are not covered by the Health Fund.  So, Plaintiffs bring this action, alleging a Kansas law fraud claim and a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim.

**Plaintiffs' Request for Place of Trial and Jury Demand**

3.     Pursuant to D. Kan. Rule 40.2, Plaintiffs request that trial in this matter be held in Kansas City, Kansas.

4.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs request a jury trial on all issues so triable.

**Parties**

5.     Plaintiff Health Fund is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Health Fund is a legal entity that may sue or be sued.  29 U.S.C. § 1132(d).  The Health Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101.

6.     Plaintiff John Fultz is a fiduciary of the Health Fund, within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

7.     Defendant Eye Works, Inc. is a corporation organized under and existing by virtue of the laws of the State of Mississippi and has its principal place of business in Mississippi.

8.     Defendant Cheryl Gibson is an individual residing in Mississippi.

**Jurisdiction and Venue**

9.     The Court has subject matter jurisdiction of the case under 28 U.S.C. §§ 1331 and 1367.

10.     The Court has personal jurisdiction over both Defendants because they "purposefully directed [their] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also* Fed. R. Civ. P. 4(k); Kan. Stat. Ann. § 60-308(b)(1)(A), (B),

(L).  Also, Plaintiffs' RICO claim allows for nationwide service of process, and thus the Court

has jurisdiction over Ms. Gibson.  *See* 18 U.S.C. 1965(b), (d).

      11.     Venue is appropriate in this district under 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to the claim occurred in this judicial

district.

### Background

      12.     The Health Fund administers a group health plan for eligible participants.

      13.     Among the health benefits covered by the Health Fund is vision care.

      14.     The benefits offered by the Health Fund are governed by the Fund's Plan

Document ("Plan").

      15.     Under the Plan, the Health Fund will pay up to $250 per year for eyeglasses,

frames, and exams in one year.

      16.     The Health Fund does not pay for any expenses related to sunglasses.

      17.     The standard billing practices for vision providers is to charge the participant for

any amount not covered by the Health Fund and then seek reimbursement from the Health Fund

for the amount covered by the Health Fund.  For example, if a participant incurs a bill of $300

between prescription lenses and frames, the vision provider would charge the participant $50 and

submit a reimbursement form to the Health Fund to receive the remaining $250.

      18.     On the reimbursement forms, the provider must list the patient name; the

diagnosis code; a procedure, services, or supplies code; the total amount charged; and the total

amount paid by the participant.  A sample reimbursement form is attached as Exhibit A.

      19.     The Health Fund uses the information supplied on the reimbursement forms to

ensure that it is only paying claims that are allowed under the Plan.

20.     The diagnosis and procedure/services/supplies codes used in these forms often come from the Healthcare Common Procedure Coding System ("HCPCS").  Defendants used the HCPCS codes in the forms they submitted to the Health Fund.

21.     Of note in this case, the HCPCS code for eyeglass lenses and frames is V2100 and V2020, respectively.

22.     The HCPCS has a different set of codes for sunglasses and sunglasses lenses.  The code for sunglasses frames is S0518.  The code for non-prescription sunglasses lenses is S0510. The code for prescription sunglasses lenses is S0504 (single vision), S0506 (bifocal vision), and S0508 (trifocal vision).

23.     Between 2017 and 2018, Defendants submitted around 367 reimbursement forms to the Health Fund.

24.     As required, the forms contained the patient name, the diagnosis code, and the procedure/services/supplies code.

25.     The forms at issue are described in Exhibit B and incorporated by reference into the Complaint.  *See also* Fed. R. Civ. P. 10(c).  Exhibit B describes the date the Health Fund received the form, the diagnosis code, the procedure/services/supplies code, the total amounts charged, total amount paid by the participant, and the total amount reimbursed by the Health Fund.[1]  Twenty-five forms have been omitted from Exhibit B because the Health Fund did not reimburse Defendants for any amount associated with those 25 forms.

26.     Defendant Cheryl Gibson signed each form.

---

[1] Due to restrictions under the Health Insurance Portability and Accountability Act, Plaintiffs cannot list the patient names or any other personally identifiable information.  42 U.S.C. § 1320d-6(a)(3).

27.     Upon information and belief, the diagnosis code and the procedure/services/supplies code on each of the listed forms are false and do not accurately reflect the diagnosis or the procedures/services/supplies provided to the associated patients.

28.     Defendants knew that the forms were falsely completed, and completed them with the intent to defraud the Health Fund.

29.     Upon information and belief, Defendants sought reimbursement for sunglasses, which the Plan does not cover, or otherwise sough reimbursement for procedures not covered by the Plan or provided none of the services described in the forms.

30.     Defendants submitted these forms to the Health Fund via the U.S. mail.

31.     Upon receiving these forms, the Health Fund relied upon them, and submitted reimbursement to Eye Works for 343 out of the 367 received, as described in Exhibit B.

32.     It was reasonable for the Health Fund to rely upon the forms because these forms are how the Health Fund processes claims.

33.     In total, the Health Fund reimbursed Eye Works for $84,642.50 in fraudulently obtained benefits.

34.     In late 2018, the Health Fund began getting suspicious of the forms submitted by Defendants.

35.     On December 10, 2018, the Health Fund sent a letter to Eye Works, requesting it to clarify whether it sought reimbursement for sunglasses frames.

36.     On December 31, 2018, the Health Fund received a response from Eye Works to its letter.  This letter confirmed the Health Fund's suspicion that Eye Works was impermissibly seeking reimbursement for sunglasses, and acknowledged that 39 claims were for sunglasses, and not for eyeglasses, as originally represented.

## Count I: Fraud (Eye Works, Inc.)

37.     Plaintiffs incorporate by reference paragraph 1 through 35 as if fully set forth herein.

38.     Under Kansas law,[2] a defendant commits fraud when (1) it falsely represents an existing and material fact, (2) it made its false statement intentionally or recklessly, (3) it intended for the recipient to act upon its statement, (4) the recipient reasonably relied and acted upon the statement, and (5) the recipient sustained damages by relying upon the statement. *Kelly v. VinZant*, 197 P.3d 803, 808 (Kan. 2008).

39.     Here, Eye Works submitted forms to the Health Fund that it knew falsely claimed that it provided procedures/services/supplies that are covered under the terms of the Plan.

40.     It provided these forms to the Health Fund with the intent for the Health Fund to act upon the forms.

41.     The Health Fund reasonable relied and acted upon these forms.

42.     Relying upon the forms submitted by Eye Works, the Health remitted reimbursement to Eye Works, totaling $84,642.50.

43.     The Health Fund would not have remitted payments to Eye Works if Eye Works completed the forms accurately.

44.     Eye Works willingly, wantonly, and fraudulently performed these actions, and authorized its employees to perform such actions.  Thus, Plaintiffs are entitled to punitive damages under Kan. Stat. Ann. § 60-3701.

---

[2] Kansas law applies because the injury—*i.e.*, the financial loss because of the fraud—occurred here. *See Swimwear Solution, Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1031 (D. Kan. 2018).

## Count II: RICO (Cheryl Gibson)

45.     Plaintiffs incorporate by reference paragraph 1 through 43 as if fully set forth

herein.

46.     Under RICO, it is:

[U]nlawful for any person employed by or associated with any enterprise engaged
in, or the activities of which affect, interstate or foreign commerce, to conduct or
participate, directly or indirectly, in the conduct of such enterprise's affairs
through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

47.     A RICO claim has four elements:  "(1) conduct (2) of an enterprise (3) through a

pattern (4) of racketeering activity."  *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002).

48.     Anyone who has been injured because of a RICO violation "shall recover

threefold damages he sustains and the cost of the suit, including a reasonable attorney's fee…."

18 U.S.C. § 1964(b).

49.     The Eye Works Enterprise is and was an enterprise consisting of Eye Works, Ms.

Gibson, and possibly others.

50.     The Eye Works Enterprise sought to defraud the Health Fund, using the mail, by

fraudulently inducing the Health Fund to reimburse the Eye Works Enterprise for products not

covered under the terms of the Plan.  In other words, the Eye Works Enterprise committed mail

fraud.  *See* 18 U.S.C. § 1341; *see also Bridge v. Phoenix Bond & Indem. Co.*, 533 U.S. 639, 647

(2008).

51.     Ms. Gibson participated in this fraudulent scheme by signing the forms.

52.     Ms. Gibson is and was a "person" who "conducted" the Eye Works Enterprise.

*See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) ("[A]n employee who

conducts the affairs of a corporation through illegal acts comes within the terms of [the RICO]

statute that forbids any 'person' unlawfully to conduct an 'enterprise,' particularly when the statute explicitly defines 'person' to include 'any individual…capable of holding a legal or beneficial interest in property,' and defines 'enterprise' to include a 'corporation.'" (quoting 18 U.S.C. § 1961(3), (4)).

53.     The Eye Works Enterprise committed mail fraud 343 times over a two-year period by repeatedly mailing fraudulent reimbursement forms to the Health Fund from Mississippi to Kansas.

54.     The conduct of the Eye Works Enterprise has injured Plaintiffs because the fraudulently submitted forms caused the Health Fund to reimburse the Eye Works Enterprise for procedures/services/supplies for which the Health Fund would not have otherwise reimbursed Eye Works.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

a)     Finding that Defendants are liable to Plaintiffs for $84,642.50 in compensatory damages

b)     Finding that Eye Works is liable to Plaintiffs for punitive damages;

c)     Finding that Ms. Gibson is liable to Plaintiffs for treble damages under RICO;

d)     Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

e)     Granting the Plaintiffs such other relief that the Court deems just and proper.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**
753 State Avenue, Suite 475

Kansas City, Kansas 66101
Telephone:  (913) 321-8884
Facsimile:  (913) 321-2396

By      /s/ Nathan A. Kakazu
        Nathan A. Kakazu, KS Bar #28276
        **ATTORNEY FOR PLAINTIFFS**